UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OKLAHOMA

ROBERT MYERS AND MARY MEYERS,
        Plaintiff(s)

vs.

THE TRAVELERS HOME AND MARINE COMPANY,

        Defendant(s)

Case Number:   12-CV-0056-CVE-PJC

## JOINT STATUS REPORT

Jury Demanded:      [X] Yes    [ ] No

**I.**    **Summary of Claims:**

Plaintiffs applied for, and purchased, a homeowner insurance policy from Defendant prior to their loss on April 25, 2011.  Defendant  issued policy number 984556235 633 1 to Plaintiffs, which provides certain benefits in the event of a homeowners loss, including loss resulting from water damage. Immediately following the loss on April 25, 2011, Plaintiffs filed the requisite paperwork, and notified Defendant of the loss to collect the proceeds and benefits due and under the homeowner policy issued by Defendant.  Upon making presentation of the claim, Defendant failed to pay any benefits due and owing under the policy and eventually denied the claim by letter on August 5, 2011.  On December 30, 2011, counsel for Plaintiffs provided a letter to Defendant outlining the reasons  the loss should be covered. Said letter in paragraph number 9, requested  Defendant respond within fourteen (14) days of the December 30, 2011. Plaintiffs' counsel, as part of the December 30, 2011, cited case law on point that is analogous to Plaintiff's loss.  The case of *Duensing v. State Farm Fire & Cas.. Co.,* 131 P.3d 127, (Okla. Civ. App. 2005) was attached.  Plaintiffs' counsel also provided an independent engineer report of Shahriyar Ebady-Nezami, P.E., employed with Associated Engineers and Inspectors, Inc. The engineer observed "(t)he interior concrete slab under south central part of the original house has dished causing the sheet rock cracks over the interior doors and openings." The engineer concluded "(t)his settlement, in our opinion, is likely due to a plumbing leak."  Plaintiffs' counsel did not receive a response to their letter of December 30, 2011, and called the Defendant's claims adjuster on January 13, 2011 to inquire further.  Plaintiffs' counsel confirmed the January 13, 2011 conversation by way of letter dated January 16, 2012.  15.   Defendant's claim adjuster advised Plaintiffs' counsel  the December 30, 2011 letter had been received and forwarded to Defendant's legal department. Defendant's claim adjuster stated that a response should be expected within two weeks and advised a reminder would be sent to the legal department.  No response had been received from Defendant as of January 31, 2012.  By way of letter dated January 31, 2012, Plaintiffs' counsel further advised Defendant no response had been made to the initial request to review and reverse the denial of coverage.  Defendant was advised in the letter of January 31, 2012  suit would be filed as a result of its lack of good faith handling  and breach of contract.

      A.    Claims to be Dismissed:    None

**II.** **Summary of Defenses:**

The subject policy excludes coverage for the damages which the Plaintiffs claim occurred to their home. Plaintiffs seek compensation for damages caused by earth movement which is specifically excluded under the subject policy's express terms. The Defendant properly investigated the Plaintiffs' claims and adjusted this insurance claim in good faith and consistent with the policy's terms. Plaintiffs' contractual and bad faith claims are consequently without merit. Defendant further objects to Plaintiffs' "summary" of claims as being argumentative and without foundation. Defendant further adopts and incorporates all arguments and authorities contained in its motion to dismiss [Dkt. #10] in response to Plaintiffs' Summary of Claims.

      A.    Defenses to be Abandoned:    None

**III.** **Motions Pending** (Include Docket Number, Description and Date at Issue)**:**

Defendant's Motion To Dismiss [Dkt. #10] is pending before the court.

**IV.** **Stipulations:**

      A.    Jurisdiction Admitted:    [x] Yes    [ ] No (If no, explain.)

      B.    Venue Appropriate:    [x] Yes    [ ] No (If no, explain.)

      C.    Facts:

          None at this time.

      D.    Law:

**V.** **Proposed Deadlines:**

      A.    Parties to be added by:    4/15/2012

      B.    Proposed discovery cutoff date (4 months of discovery unless extended by the court for good cause): 7/30/12

      C.    Fact witness lists to be exchanged by:    6/1/2012

      D.    Proposed Date for Expert Reports by Plaintiff and Defendant:    7/1/12 for Plaintiff
                                                                                              7/15/12 for Defendant

**VI.** **Fed. R. Civ. P. 26(f) Discovery Plan**

      A.    Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?    [ ] Yes    [x] No

          If yes, please explain:

      B.    When were or will initial disclosures under Rule 26(a)(1) be made?    4/11/12

   Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a Magistrate Judge for resolution. Failure of any party to disclose information, or failure of any party to bring disclosure issues to the Court's attention in a timely manner, may result in sanctions, including prohibiting the use of that information at trial, pursuant to Rule 37(c)(1).

C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues? ☐ Yes [x] No

D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Court's local rules? ☐ Yes [x] No

If yes, please explain:

E. Proposed Number of fact and expert depositions:

 1. To be allowed for Plaintiff?    10

 2. To be allowed for Defendant?    10

F. Is there a need for any other special discovery management orders by the Court?

☐ Yes [x] No

If yes, please explain:

G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advise on the production of electronic information.

**VII. Are Dispositive Motions Anticipated?** [X] Yes ☐ No   If yes, describe them.

A Motion to Dismiss [Dkt. #10] has been filed by Defendant. If Defendant's Motion to Dismiss is overruled, Defendant anticipates filing a motion for summary judgment.

**VIII. Do All Parties Consent to Trial before the Assigned Magistrate Judge?** ☐ Yes [x] No

If yes, please email a proposed Trial Consent to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the Magistrate Judge is Requested. Please do not file proposed documents as an attachment to a document. (Refer to section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**IX. Is there any matter that should be referred to the assigned Magistrate Judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?** ☐ Yes [x] No

If yes, please email a completed, proposed Partial Consent form to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**X. Settlement Plan**   (Check one)

[x] Settlement Conference Requested after:   8/1/2012

Describe settlement judge expertise required, if any:   Insurance law and bad faith

☐ Private Mediation Scheduled in (date): _____

☐ Other ADR
  (Explain)

☐ ADR is not appropriate in this case
  (Explain)

Has a copy of the Court's ADR booklet been provided to clients as required?

    Plaintiffs:     [x] Yes     ☐ No

    Defendants:     [x] Yes     ☐ No

**XI. Does this case warrant special case management?**     ☐ Yes     [x] No

If yes, explain why.

**XII. Do the parties request that the Court hold a scheduling conference?**     ☐ Yes     [x] No

If a conference is not requested, or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

**XIII. Estimated trial time:** 4 - 5 days

Read and Approved by: (Add additional lines or pages as needed)

Plaintiff Attorney: /s/ Scott Tully, OBA #13606
Address:     P.O. Box 2141
             Broken Arrow, OK 74011
             tullylawfirm@gmail.com

Defendant Attorney: Darrell W. Downs, OBA #12272
Address:     Taylor, Burrage, Foster, Mallett
             Downs, Ramsey & Russell
             P.O. Box 309
             Claremore, OK 74018
             ddowns@soonerlaw.com