# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

ROBERT MYERS, and MARY MYERS, )
)
         Plaintiffs, )
)
v. ) Case No. 12-CV-0056-CVE-PJC
)
TRAVELERS HOME AND MARINE )
INSURANCE COMPANY, )
)
)
         Defendant. )

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss and Brief in Support (Dkt. # 10). Defendant argues that plaintiffs have failed to state a claim upon which relief may be granted because plaintiffs' alleged damages and/or the cause of the damages are not covered by or are excluded from coverage under the insurance policy. Plaintiffs oppose the motion and argue that they have alleged sufficient facts to state a claim against defendant.

## I.

Plaintiffs Robert Myers and Mary Myers allege that defendant Travelers Home and Marine Insurance Company issued a homeowner insurance policy to plaintiffs, which was effective for the policy period of March 24, 2011 to March 24, 2012. Dkt. # 2 at 7. Plaintiffs allege that, on April 25, 2011, they suffered a loss that is covered under the policy. Plaintiffs allege that they filed a claim with defendant immediately following the loss and that defendant has wrongfully refused to pay any benefits due under the policy.

Plaintiffs filed the complaint on February 9, 2012, alleging breach of contract, bad faith and breach of the duty of good faith claim handling, and negligence and gross negligence. Plaintiffs

attached the following documents to the complaint: (i) the insurance policy; (ii) correspondence between plaintiffs' attorneys and defendant; and (iii) the report of an independent engineer conducted after the alleged loss.

The engineer's report states that the "visible portions of the site conditions" at plaintiffs' home included: "Exterior concrete cracks, i.e. driveway; Downspouts need splash block; Hairline veneer cracks (1/4" or smaller); Separation of the wall from ceiling on the south central part of the house; Buckled tape/joint separation at wall corner(s)." Id. at 90. In the section of the report entitled "Interior Foundation," the report states that the "interior concrete slab under south central part of the original house has dished causing the sheet rock cracks over interior doors and openings. This settlement, in our opinion, is likely due to [a] plumbing leak." Id.

## II.

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly stated the pleadings standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the

allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB–TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs, 263 F.3d 1151, 1154-55 (10th Cir.2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir. 1991). "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits." Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009).

### III.

Defendant argues that plaintiffs' alleged damages and/or the cause of plaintiffs' alleged damages are not covered by the insurance policy or are excluded from coverage under the policy. Specifically, defendant seizes on plaintiffs' allegation that certain damages were caused by a "plumbing leak," and argues that damages caused by a leak are not covered or are excluded from coverage under the policy. Defendant also argues that any damages caused by movement of the earth are not covered or excluded from coverage under the policy.

"The interpretation of an insurance contract is governed by state law and, sitting in diversity, we look to the law of the forum state." Houston Gen. Ins. Co. v. Am. Fence Co., Inc., 115 F.3d 805, 806 (10th Cir.1997). In Oklahoma, interpretation of an insurance contract is a matter of law. Max True Plastering Co. v. U.S. Fid. and Guar. Co., 912 P.2d 861, 869 (Okla.1996). The insured has the burden of showing that its claim is covered under the policy. See U.S. Fid. & Guar. Co. v. Briscoe, 205 Okla. 618, 239 P.2d 754, 756 (1952) (noting that "the contractor must bring himself within the

3

terms of the policy, before he can establish insurer's liability thereon"); see also Pitman v. Blue Cross & Blue Shield of Okla., 217 F.3d 1291, 1298 (10th Cir. 2000) ("the insured has the burden of showing that a covered loss has occurred"). Once the insured establishes coverage, "the insurer has the burden of showing that a loss falls within an exclusionary clause of the policy." Pitman, 217 F.3d at 1298.

The parties argue that these contractual interpretation principles and this burden shifting analysis should be applied to the facts of this case. However, the cases cited above articulate a burden of proof to be applied at the summary judgment stage or at trial. They do not articulate a pleading standard that must be met in order to state a claim under which relief can be granted. At this stage of the litigation, plaintiffs are merely required to state a claim that is "plausible on its face." Twombly, 550 U.S. at 555.

In order to determine whether plaintiffs' damages and/or the cause of those damages are covered, and not excluded from coverage, under the policy, it is necessary to know the precise nature and cause of those damages. The complaint alleges only that some of the damages were caused by a plumbing leak or were the result of earth movement. There is no allegation in the complaint or in the engineer's report that the entirety of the damages were caused by a plumbing leak or earth movement. The Court has carefully reviewed the policy provisions cited by the parties and, even if damages caused by a plumbing leak and earth movement were excluded from coverage, which the Court does not decide at this time, the Court cannot find as a matter of law that all damages alleged in the complaint are entirely excluded from coverage. Plaintiff has made factual allegations sufficient to state a plausible claim for relief that rises above a speculative level and the motion to dismiss is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss and Brief in Support (Dkt. # 10) is **denied**.

**DATED** this 11th day of May, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE